UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
ERIE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                   CASE NO.: 1:CR-01-315-01

CURTIS BROWN,

    Defendant.

_____/

**FILED**
**SCRANTON**

MAR 17 2008

PER _____
      **DEPUTY CLERK**

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THIS COURT'S EQUITABLE POWER and 18 U.S.C. § 3582(c)(2)

COMES NOW the Defendant, CURTIS BROWN, by and through his undersigned counsel, hereby requests that the Court reduce the defendant's sentence. This motion and request is based on a retroactive change in the applicable sentencing guideline range and on the findings by the United States Sentencing Commission, as recognized by the United States Supreme Court in its recent decision in *Kimbrough v. United States*, 2007 WL 4292040, *14 (U.S. Dec. 10, 2007) (premising its decision, in part, on the Sentencing Commission's findings that the crack/powder disparity produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses have been "greater than necessary" in light of the purposes of sentencing set forth in §3553(a)).

Because the retroactive guideline amendment and judicial recognition of its significance present substantial equitable concerns warranting an immediate adjustment in sentence for defendants whose sentences were calculated by

reference to the former 100-1 sentencing guideline ratio between cocaine powder and base offenses, and who would otherwise have completed their sentences, the defendant requests an immediate reduction of his sentence and further states:

This Court imposed a total sentence of 120 months as to defendant CURTIS BROWN for the offenses of possession with intent to distribute and conspiracy to possess with intent to distribute cocaine in base form commonly referred to as "crack" cocaine and for cocaine powder.   This sentence was based on an offense level adjustment for crack cocaine and the powder cocaine, pursuant to U.S.S.G. § 2D1.1, which yielded a base offense level of 34 (PSI at ¶16), total offense level of 33, with a criminal history category of IV and a guideline range of *188-235 months*.  PSI at ¶54.  The Court, after computing the guidelines and granting the government's motion pursuant to §5K1.1 of the United States Sentencing Guidelines imposed a sentence 36% lower that the lowest end of the guideline range, to wit: 120 months of imprisonment, to be followed by four (4) years of supervised release.

At the time this Court imposed the sentence in this matter, (November 17, 2003), the guidelines for a crack cocaine offense involving 36.5 grams carried a base offense level of 28[1].  *See* U.S.S.G. § 2D1.1, United States Sentencing Guidelines Manual (1987-2007).

Effective November 1, 2007, the United States Sentencing Commission amended this base offense level under U.S.S.G. § 2D1.1, such that this crack

---

[1]    The defendant was sentenced based up 142 grams of powder cocaine and 36.5 grams of crack cocaine.  When the guidelines were calculated in for the 2003 sentencing, the base offense level was 34 for all of the drugs in question.  Under the 2007 Amendments to the Guidelines, the powdered cocaine is converted to 28.4 kilograms of marijuana at a rate of one gram of cocaine being the equivalent of 200 grams of marijuana.  The crack cocaine is now converted to 11.4 kilograms of marijuana per gram of crack cocaine thereby yielding 416.1 kilograms of marijuana under the current conversion rates.  Therefore, the total amount of "marijuana" for guideline purposes is 444.5 kilograms yielding a new base offense level of 28.  These drug weight figures were obtained from the PSI at ¶16.

WEINER & RATZAN, P.A.
ATTORNEYS AT LAW
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BLVD • MIAMI, FLORIDA 33156-7858 • TELEPHONE: 305.670.9919 • FAX 305.670.9299
OUR WEBSITE: JEFFWEINER.COM • E-MAIL: LAWFIRM@JEFFWEINER.COM

cocaine offense and powdered cocaine offense involving 36.5 grams now carries a base offense level of 28. *See* Guideline Amendment 706 (Nov. 1, 2007). Applying this reduced guideline calculation to defendant CURTIS BROWN, yields a reduced guideline range of 100-125 months[2].

The Sentencing Commission, after amending the guidelines, held further hearings on the equitable issues involved in the application of the amended guideline ranges. On December 11, 2007, the commission concluded that this guideline amendment is so significant that it must be given retroactive effect under the Congressional authorization of 18 U.S.C. § 3582(c). Thus, U.S.S.G. § 1B1.10 was also amended by the Sentencing Commission to expressly make Amendment 706 retroactively applicable to previously-sentenced defendants such as defendant CURTIS BROWN.

The newly-amended U.S.S.G. § 1B1.10(a)(1) provides, in pertinent part, that where:

> a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c).

As approved by the Sentencing Commission on December 11, 2007, U.S.S.G. § 1B1.10 specifically lists Amendment 706 as included for such retroactive treatment.[3] The Commission further stated in the amendment that as to sentences imposed in the mandatory-guideline era (also known as the pre-*Booker* period), the Court should impose no less than the mandatory minimum guideline

---

[2]    At sentencing, the defendant received a two level increase for a firearm being seized at his residence pursuant to §2D1.1(b)(1) and a three level decrease for acceptance of responsibility. These are being factored in to arrive at the total offense level of 27.

[3]    The most recent changes to the § 1B1.10 will become effective on March 3, 2008.

sentence under the *amended* range.    U.S.S.G.  §  1B1.10(b)(2)(A)  (2008 amendment).

Application of the minimum-sentence policy statement provision to defendant CURTIS BROWN would produce a new, reduced sentence. Assuming that this court imposes a sentence at the lowest end of the guideline range with an identical percentage reduction for his substantial assistance, it is the position of the defendant that the sentence should be 64 months total. In its judgment, this court imposed a sentence of 120 months of which the court order sixty (60) months to be concurrent and sixty (60) months to be consecutive to Georgia state sentence that the defendant was serving, and credit for time served in Pennsylvania from September 28, 2001 through September 27, 2002. (DE #29) The defendant has completed his obligations to the State of Georgia penal system and is currently in federal custody.

Under its equitable power, and under 18 U.S.C. § 3582(c)(2), once it has imposed sentence, this Court has the discretion to reduce a defendant's sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." This Court should exercise that discretion in this case. Section 3582(c)(2) permits a modification of sentence for a defendant, like CURTIS BROWN, "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[4] The statute instructs that a sentencing court "may reduce the term

---

[4]        18 U.S.C. § 3582(c)(2) provides in full:

> **(c) Modification of an imposed term of imprisonment.** – The court may not modify a term of imprisonment once it has been imposed except that –
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.

WEINER & RATZAN, P.A.
ATTORNEYS AT LAW
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BLVD • MIAMI, FLORIDA 33156-7858 • TELEPHONE: 305.670.9919 • FAX 305.670.9299
OUR WEBSITE: JEFFWEINER.COM • E-MAIL: LAWFIRM@JEFFWEINER.COM

of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Eleventh Circuit, in *United State v. Carter*, 110 F.3d 759, 761 (11th Cir. 1997), explained the procedure for granting a § 3582(c) reduction under the formerly mandatory guidelines as follows:

> In cases where the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the district court may reduce the term of imprisonment if such a reduction is consistent with the applicable policy statements issued by the Commission. 18 U.S.C. § 3582(c)(2). According to the applicable guidelines policy statement, a defendant is eligible for retroactive application of a subsequently enacted guideline amendment if the amendment is listed in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s.

The *Carter* court held, that "[w]hen determining whether to reduce the defendant's sentence, the court should consider the factors set forth in 18 U.S.C. § 3553(a) 'to the extent they are applicable.' *Id.* (quoting 18 U.S.C. § 3582(c)(2)). "The court should also consider the sentence it would have imposed had the amendment been in effect at the time the defendant was sentenced." *Id.* at 762 (emphasis added) (citing U.S.S.G. § 1B1.10(b), p.s.). *See also United States v. Castro,* 2008 WL 227337 (3d Cir. Jan. 28, 2008) ("The Court of Appeals held that remand for re-sentencing was appropriate to allow the District Court to determine whether the sentence that was imposed factoring in a 100:1 powder to crack cocaine ratio was still appropriate."); *United States v. Brown,* 104 F.3d 1254, 1255

---

C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

WEINER & RATZAN, P.A.
ATTORNEYS AT LAW
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BLVD • MIAMI, FLORIDA 33156-7858 • TELEPHONE: 305.670.9919 • FAX 305.670.9299
OUR WEBSITE: JEFFWEINER.COM • E-MAIL: LAWFIRM@JEFFWEINER.COM

(11th Cir. 1997) ("The decision [of a motion to reduce sentence under § 3582(c)(2)] turns upon the district court's evaluation of the factors enumerated [in 18 U.S.C. § 3553(a)]."); *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997) ("A court should 'consider the sentence that it would have imposed had the [retroactive] amendment(s) to the guidelines listed in [U.S.S.G. § 1B1.10(c)] been in effect at the time the defendant was sentenced.'... All other guideline application decisions remain unaffected.") (quoting U.S.S.G. § 1B1.10(b)).

Several factors warrant reduction of the defendant's sentence in the case *sub judice* as authorized by the relevant statute and guideline. First among them is the clear applicability of the amended, retroactive guideline to Mr. Brown's case. The United States Sentencing Commission, supported by a wealth of study, legal analysis, and consultation with judicial and other sources, has concluded that the original enhancement of the offense level was unduly severe, particularly in comparison with the lesser sentences imposed as to defendants involved with much larger quantities of powder cocaine. Pursuant to the statutory process, the November 1, 2007 amendment to § 2D1.1 was submitted to Congress and became effective on that date. *See Kimbrough*, 2007 WL 4292040, at *12 (noting significance of Congress's "tacit acceptance of the 2007 amendment").

The amended guideline was made retroactive for the purpose of granting relief in cases like the instant case in which the defendant's offense of conviction was enhanced on the now-superseded cocaine guidelines.

The defendant is currently incarcerated at FCI - Yazoo City and, according to the government's web site at www.bop.gov the defendant's expected release date is January 12, 2011, some 34 months away. Since the defendant is seeking a reduction of almost 32 months from the consecutive portion of the sentence, a resentence of time served would accomplish the goals of the amendment since with

the gain time of the new sentence, once the Bureau of Prison, recalculates the sentence, would lead to the identical result.

## CONCLUSION

For the foregoing reasons, defendant CURTIS BROWN, respectfully requests that this Court reduce his sentence from 120 months to one of "time served" which represents the gain time, concurrent time and consecutive time that the defendant has already served.

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy of the foregoing was furnished this 12th day of March, 2008, to Eric Pfisterer, Esquire, Assistant United States Attorney, Office of the U.S. Attorney, 228 Walnut Street, Harrisburg, PA 17108.

Respectfully submitted,

WEINER & RATZAN, P.A.
ATTORNEYS AT LAW
Two Datran Center, Suite 1910
9130 South Dadeland Boulevard
Miami, Florida 33156-7858
Tel.: (305) 670-9919
Fax: (305-670-9299

By: _____
JEFFREY S. WEINER, ESQUIRE
Florida Bar No. 185214

**WEINER & RATZAN, P.A.**
**ATTORNEYS AT LAW**
TWO DATRAN CENTER
NINETEENTH FLOOR • SUITE 1910
9130 SOUTH DADELAND BOULEVARD
MIAMI, FLORIDA 33156-7858
305 670-9919
FAX 305 670-9299
E-MAIL
LAWFIRM@JEFFWEINER.COM
OUR WEBSITE
JEFFWEINER.COM

**JEFFREY S. WEINER**
BOARD CERTIFIED CRIMINAL TRIAL LAWYER
NATIONAL BOARD OF TRIAL ADVOCACY

FELLOW, THE AMERICAN BOARD OF
CRIMINAL LAWYERS

MEMBER OF THE UNITED STATES, FLORIDA
AND ILLINOIS SUPREME COURT BARS

**MYCKI RATZAN**
MEMBER OF THE UNITED STATES AND
FLORIDA SUPREME COURT BARS

**OMAR F. GUERRA JOHANSSON**
MEMBER OF THE FLORIDA AND TEXAS
SUPREME COURT BARS

**TANIA MONTEAGUDO**
OFFICE MANAGER

**BONNIE WEINER**
PROFESSIONAL AND FORENSIC INTERPRETER
DOCUMENT TRANSLATOR

**GUIDO DEL PRADO**
CONSULTANT ON DIPLOMATIC MATTERS

March 12, 2008

Clerk of Court
235 North Washington Avenue
Room 101
Federal Building
Scranton, PA 18500

Re:  *United States of America v. Curtis Brown*
      *Case No. 1:CR-01-0315-01*

To Whom It May Concern:

Enclosed please find a copy of our **Motion For Reduction Of Sentence Pursuant To This Court's Equitable Power and 18 U.S.C. § 3582(c)(2)** for the above-referenced case, as well as a self-addressed, stamped envelope.  Please return said copy, clocked-in from the clerk, in the afore-mentioned envelope.

Should you have any questions, please feel free to contact me.

Sincerely,

Michelle Rodriguez
Legal Assistant to Jeffrey S. Weiner, Esq.

Enclosure