MCC:EP:mz

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR. NO. 1:CR-01-315 |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| **CURTIS BROWN** | ) | (Electronically filed) |

**GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF PURSUANT TO TITLE 18, UNITED STATES CODE SECTION 3582(c)**

AND NOW comes the United States of America, by its undersigned counsel and submits the following Response to the Defendant's Motion for Relief pursuant to Title 18 United States Code, Section 3582(c), setting forth the following material factors in support thereof:

1.  The defendant was previously convicted and sentenced for offenses involving the distribution of cocaine base, also known as crack cocaine.

2.  The defendant was originally sentenced to a term of 120 months' imprisonment, a sentence which represented a 36% departure below the low end of the guidelines imprisonment range which the court found to be applicable in this case, 188 to 235 months' imprisonment. That guidelines imprisonment range was based upon the court's finding that the defendant's offense level was 33 and the defendant's criminal history category was IV.

3.  Following imposition of this sentence, in December 2007, the United States Sentencing Commission enacted an amendment to the sentencing guidelines, Amendment 706, which reduced the guidelines offense level for drug distribution and conspiracy

offenses involving cocaine base by two offense levels and further provided that this amendment applied retroactively to defendants who were sentenced before the effective date of this amended guideline.

4.      The defendant has now moved, pursuant to Title 18, United States Code, Section 3582(c), for relief in accordance with this amended guideline provision.

5.      Upon review of the defendant's motion and the underlying facts of this case, the United States agrees that the defendant is entitled to request some relief pursuant to Title 18, United States Code, Section 3582(c) since:

    A.      The defendant was convicted and sentenced for drug trafficking involving cocaine base;

    B.      The defendant's guidelines imprisonment range and sentence were determined based upon the quantity of drugs involved in this offense; and

    C.      The defendant is not a career offender, and the sentence imposed in this case is not based solely upon a statutory mandatory minimum.

6.      Pursuant to Title 18, United States Code, Section 3582(c) and Guidelines Amendment 706:

    A.      The revised offense level for this defendant appears to be 31.

    B.      The defendant's criminal history category remains IV.

    C.      The revised guidelines imprisonment range is 151 to 188 months' imprisonment.

   D. A corresponding 36% reduction from the low end of the revised guidelines would yield a sentence of approximately 96 months.

  7. The defendant's motion incorrectly calculates a new drug quantity without regard to the historical information about the defendant's drug dealing.  The defendant ignores the fact that the court adopted the finding of the presentence report that the defendant was responsible for an amount not to exceed 500 grams of crack cocaine resulting in a level 34.  The defendant also received a two-level increase for the use of a firearm.  The defendant's new guidelines calculation only works if you ignore the clear import of the presentence report that the defendant was responsible for between 150 to 500 grams of crack cocaine.

  8. As an aid to the court, the United States requests that the United States Probation Office prepare a brief addendum to the presentence report, confirming the re-calculated guidelines imprisonment range in this case and describing any public safety factors in this case, as well as the defendant's institutional history.  The United States submits that with this addendum to the presentence report, the court can decide the defendant's motion without the necessity of a hearing or the defendant's presence in court.

  9. If, upon favorable consideration of the public safety factors and the defendant's institutional history set forth in the addendum to the presentence report, this court concludes that a sentencing reduction is appropriate pursuant to the standards of

U.S.S.G. § 1B1.10, the United States requests that this court re-sentence the defendant to a sentence that is commensurate with the sentence originally imposed on the defendant for the guidelines range previously applicable in this case.

10. The defendant has a projected release date of January 12, 2011. If this revised sentence results in the imposition of a term of imprisonment that is satisfied by time-served, the United States requests that this court direct that the defendant be released ten (10) days from the date of the entry of this re-sentencing order, in order to allow the Bureau of Prisons to complete release planning, conduct the violent sexual offender assessment mandated by law, and obtain any DNA samples required by law.

Respectfully submitted,

MARTIN C. CARLSON
ACTING UNITED STATES ATTORNEY

/s/ Eric Pfisterer
Eric Pfisterer
Assistant U.S. Attorney
228 Walnut Street, P.O. Box 11754
Harrisburg, PA 17108
717/221-4482 (Office)/717/221-4493(Fax)
Bar No. PA-38492

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR. NO. 1:CR-01-315 |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| **CURTIS BROWN** | ) | (Electronically filed) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 24th day of March 2008, she served a copy of the attached

**<u>GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF PURSUANT TO TITLE 18, UNITED STATES CODE SECTION 3582(c)</u>**

by United States first class mail to the address stated below:

ADDRESSEE:
Jeffrey S. Weiner, Esquire
Weiner & Ratzan, PA
Two Datran Center, Suite 1910
9130 South Dadeland Boulevard
Miami, FL   33156-7858

　　　　　　　　　　　　　　　　　　　/s/ Mary Zerance
　　　　　　　　　　　　　　　　　　　Mary Zerance
　　　　　　　　　　　　　　　　　　　Legal Assistant