UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
ERIE DIVISION

UNITED STATES OF AMERICA, §

    Plaintiff, §

vs. §   CASE NO.: 1:CR-01-315-01

CURTIS BROWN, §

    Defendant. §
_____/

FILED
SCRANTON
AUG 2 9 2008
PER _____
DEPUTY CLERK

**MOTION FOR RECONSIDERATION OF THE DENIAL OF THE DEFENDANT'S MOTION REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

COMES NOW the Defendant, CURTIS BROWN, by and through his undersigned counsel, hereby requests that the Court reconsider its April 1, 2008 order which denied the Defendant's motion to reduce the defendant's sentence based on a retroactive change in the applicable sentencing guideline range and in support thereof would state as follows:

1. On or about November 17, 2003, this Court imposed a total sentence of 120 months as to Defendant, CURTIS BROWN, for the offenses of possession with intent to distribute and

United States of America v. Curtis Brown
Case No. 1:CR-01-315-01
Motion for Reconsideration of the Denial of the Defendant's Motion
Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)
Page 2 of 7

conspiracy to possess with intent to distribute both cocaine in base form commonly referred to as "crack" cocaine and for cocaine powder. This sentence was founded on an offense level adjustment for crack cocaine and the powder cocaine, pursuant to U.S.S.G. § 2D1.1, which yielded a base offense level of 34 (PSI at paragraph 16) total offense level of 33 with a criminal history category of IV and a guideline range of *188-235 months*. PSI at paragraph 54. The Court, after computing the guidelines and granting the Government's motion pursuant to § 5K1.1 of the United States Sentencing Guidelines imposed a sentence 36% lower that the lowest end of the guideline range, to wit: 120 months of imprisonment, to be followed by four (4) years of supervised release.

At the time this Court imposed the sentence in this matter, (November 17, 2003), the guidelines for the Defendant's offense carried a base offense level of 34. *See* U.S.S.G. § 2D1.1, United States Sentencing Guidelines Manual (1987-2007). In the PSI, the offense level was based on the Government's view (which

United States of America v. Curtis Brown
Case No. 1:CR-01-315-01
Motion for Reconsideration of the Denial of the Defendant's Motion
Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)
Page 3 of 7

was not opposed by defense counsel) that though the offense involved both crack cocaine and powdered cocaine, "the defendant should be held accountable for an amount of cocaine base (crack) that does not exceed 500 grams . . . " (PSI at paragraph 16) The Defendant's base offense level, per the guidelines applicable to him at the time of his sentencing, was 34 due to his being held accountable for more than 150 grams of cocaine base but not more than 500 grams of cocaine base.

On August 19, 2008, the undersigned received the 2003 sentencing transcript in order to ensure that this was the case back in the 2003 sentencing, which, indeed, it was. The Defendant was not sentenced upon the powdered cocaine in this case but solely as to the amount within the PSI or "an amount of cocaine base (crack) that does not exceed 500 grams..." The motion was filed immediately after receipt of that transcript in order that the undersigned counsel could ensure the accuracy of this motion.

Case 1:01-cr-00315-SHR   Document 36   Filed 08/29/2008   Page 4 of 9

United States of America v. Curtis Brown
Case No. 1:CR-01-315-01
Motion for Reconsideration of the Denial of the Defendant's Motion
Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)
Page 4 of 7

As this court is surely aware, effective November 1, 2007, the United States Sentencing Commission amended this base offense level under U.S.S.G. § 2D1.1, applying this reduced guideline calculation to Defendant CURTIS BROWN and an amount of crack cocaine that "does not exceed 500 grams" would have the retroactive effect of having a two level decrease or a new base offense level of 32.

On March 24, 2008, the Government, per Assistant United States Attorney Eric Pfisterer, noted that the Defendant was entitled to some relief. The Government correctly noted that with the two level base offense level decrease the following would apply:

1. The revised total offense level should be 31 (with a three level decrease for acceptance of responsibility and a two level increase because of gun possession during the offense).

2. Criminal History Category of IV, which did not change.

3. Revised sentencing range of 151-188 months.

United States of America v. Curtis Brown
Case No. 1:CR-01-315-01
Motion for Reconsideration of the Denial of the Defendant's Motion
Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)
Page 5 of 7

4. Since the Defendant received a substantial assistance reduction of 36%, a corresponding reduction would yield a 96 month revised sentence.

In their conclusion, the Government, while acquiescing to the reduction, requested that the "United States Probation Office prepare a brief addendum to the presentence report confirming the recalculated guideline imprisonment range in this case... (and) with that addendum to the presentence report, the court can decide the defendant's motion without the necessity of a hearing or the defendant's presence in court." (Government's Response at paragraph 8)

On March 28, 2008, Senior United States Probation Officer John K. Vought filed an addendum to the presentence report. Mr. Vought did not prepare the original presentence report nor was he privy to the sentencing transcript in this case. While the report was prepared prior to this court's ruling on April 1, 2008, it was not received until after the court had already ruled.

United States of America v. Curtis Brown
Case No. 1:CR-01-315-01
Motion for Reconsideration of the Denial of the Defendant's Motion
Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)
Page 6 of 7

Using all of the crack cocaine and powdered cocaine, Mr. Vought converted all of the drugs involved in this matter into marijuana for guideline purposes and opined that the Defendant's "new" guideline sentencing range remained unchanged. However, the Defendant was not sentenced upon all of the crack cocaine and powder cocaine in this case but "an amount of cocaine base (crack) that does not exceed 500 grams..." which resulted in a base offense level two levels lower based on the 2007 amendments. Therefore, the information provided to this court by the United States Probation Office was incorrect while that provided by the Government was correct.

## CONCLUSION

For the foregoing reasons, Defendant, CURTIS BROWN, respectfully requests that this Court reduce his sentence from 120 months to one of 96 months which represents all of the gain time, concurrent time and consecutive time that the Defendant has already served.

WEINER & RATZAN, P.A.
ATTORNEYS AT LAW
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BLVD • MIAMI, FLORIDA 33156-7858 • TELEPHONE: 305.670.9919 • FAX 305.670.9299
OUR WEBSITE: JEFFWEINER.COM • E-MAIL: lawfirm@jeffweiner.com

United States of America v. Curtis Brown
Case No. 1:CR-01-315-01
Motion for Reconsideration of the Denial of the Defendant's Motion
Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)
Page 7 of 7

# CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy of the foregoing was furnished this 26th day of August, 2008, to Eric Pfisterer, Esquire, Assistant United States Attorney, Office of the U.S. Attorney, 228 Walnut Street, Harrisburg, PA 17108.

                    Respectfully submitted,

                    WEINER & RATZAN, P.A.
                        ATTORNEYS AT LAW
                    Two Datran Center, Suite 1910
                    9130 South Dadeland Boulevard
                    Miami, Florida 33156-7858
                    Tel.: (305) 670-9919
                    Fax: (305-670-9299

               By: _____
                    JEFFREY S. WEINER, ESQUIRE
                    Florida Bar No. 185214

**WEINER & RATZAN, P.A.**
ATTORNEYS AT LAW
Two Datran Center
NINETEENTH FLOOR • SUITE 1910
9130 SOUTH DADELAND BOULEVARD
MIAMI, FLORIDA 33156-7858
305 670-9919
FAX 305 670-9299
E-MAIL
LAWFIRM@JEFFWEINER.COM
OUR WEBSITE
JEFFWEINER.COM

JEFFREY S. WEINER
BOARD CERTIFIED CRIMINAL TRIAL LAWYER
NATIONAL BOARD OF TRIAL ADVOCACY

FELLOW, THE AMERICAN BOARD OF
CRIMINAL LAWYERS

MEMBER OF THE UNITED STATES, FLORIDA
AND ILLINOIS SUPREME COURT BARS

MYCKI RATZAN
MEMBER OF THE UNITED STATES AND
FLORIDA SUPREME COURT BARS

OMAR F. GUERRA JOHANSSON
MEMBER OF THE FLORIDA AND TEXAS
SUPREME COURT BARS

TANIA MONTEAGUDO
OFFICE MANAGER

BONNIE WEINER
PROFESSIONAL AND FORENSIC INTERPRETER
DOCUMENT TRANSLATOR

GUIDO DEL PRADO
CONSULTANT ON DIPLOMATIC MATTERS

August 26, 2008

Clerk of Court
235 North Washington Avenue
Room 101
Federal Building
Scranton, PA 18500

### Re:  *United States of America v. Curtis Brown*
### Case No. 1:CR-01-0315-01

To Whom It May Concern:

Enclosed please find a copy of our **Motion For Reconsideration of Denial of the Defendant's Motion for Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2)** for the above-referenced case, as well as a self-addressed, stamped envelope. Please return said copy, clocked-in from the clerk, in the afore-mentioned envelope.

Should you have any questions, please feel free to contact me.

Sincerely,

Michelle Miró
Legal Assistant to Jeffrey S. Weiner, Esq.

Enclosure

**JEFFREY**
**MYCKI**
**WEINER & RATZAN, P.A.**
ATTORNEYS AT LAW
TWO DATRAN CENTER • SUITE 1910
9130 SOUTH DADELAND BOULEVARD
MIAMI, FLORIDA 33156-7858

Clerk of Court
235 North Washington Avenue
Room 101
Federal Building
Scranton, PA 18500

7004 2510 0007 0509 4435